H. W. CHITTENDEN *et al.* v. JOSIAH CROSBY, *Sheriff*.
No. 125.

1. JOINDER OF CAUSES OF ACTION — *for refusal to levy attachment and for refusal to levy execution, proper.* An action against a sheriff for failing and refusing to levy an attachment, and an action for failing and refusing in the same case to levy an execution after judgment is rendered, are not inconsistent actions and may be joined in the same petition.

2. SHERIFF — *must levy on property even if in his possession under chattel mortgage.* A sheriff cannot exonerate himself from the performance of his official duties in levying an attachment or execution upon personal property, by claiming to have possession of the same property under chattel mortgages.

3. JUDGMENT — *not conclusive against person not party to proceeding.* A judgment in an action of replevin between two mortgagees, respecting the ownership and right of possession of personal property, is not binding or conclusive upon an attaching creditor not a party thereto.

4. SHERIFF — *not excused for not levying on property in hands of garnishees because their answer stated they had no property.* In an action against a sheriff for refusing and neglecting to

CHITTENDEN v. CROSBY, *Sheriff*. 535

March 20, 1897.     Opinion.   Mahan, P. J.            W. Div.

levy an attachment upon personal property, it is no defense that mortgagees claiming such property and the possession of it at the time the attachment is issued, made answer to a garnishment in the suit in which the attachment is issued, that they did not have any property of the mortgagor in their possession.

Error from Cheyenne District Court. Hon. A. C. T. Geiger, Judge. Opinion filed March 20, 1897. *Reversed*.

*J. L. Findley*, and *Bertram & Wilson*, for plaintiffs in error.

*Thomas F. Egan*, for defendant in error.

MAHAN, P. J. The original petition of the plaintiff contained two causes of action. The first is founded on the failure of the Sheriff to levy the attachment issued in the plaintiff's case against the mortgagor. The second cause of action was founded upon the Sheriff's failure and refusal to levy an execution issued in the same case, after judgment. Upon motion of the defendant in error, the court struck from the petition the second cause of action. These actions were not inconsistent, as assumed by the court. Each was founded upon a distinct act of nonfeasance of the Sheriff. They were not improperly joined in the same action. A sheriff cannot exonerate himself from the discharge of his official duties by voluntarily assuming relations to the property inconsistent therewith. Taking possession of property under a chattel mortgage and foreclosing the same by advertisement and sale under the provisions of the mortgage, are not official acts ; and a sheriff, undertaking such duties for mortgagees, will not thereby be exonerated from levying on the mortgaged property under a valid order of attachment placed in his hands to be executed by him as

1. Joinder of causes of action proper.

2. Sheriff must levy attachment on property held by him under mortgage.

536    CHITTENDEN v. CROSBY, *Sheriff*.

N. Dept.        Opinion.   Mahan, P. J.        5 Kan. App.

sheriff. It appears that the Sheriff took possession of considerable property which was not included in the mortgages and to which the mortgagees made no claim. It was liable to be seized under the orders of attachment and was of sufficient value to 'have more than discharged them both. The only authority he had for taking possession of the property was embodied in the chattel mortgage which he was proceeding to foreclose for the mortgagees. Having custody of the mortgages as he himself testified, he was bound to know what property he was authorized to hold thereunder. It appears from the undisputed evidence in the case, that he had in his possession, on the day these attachments were given him, this property, not covered by the mortgages and not claimed by the mortgagees. He was bound to seize the same under the attachments, and a failure so to do rendered him liable, on his official bond as Sheriff, to the attaching creditors for any loss they sustained by reason of such neglect.

In addition to the property spoken of heretofore, there was embraced in the stock of goods which the mortgagees claimed, a large amount of goods purchased by the mortgagor long after giving the mortgages, but before the mortgages were recorded. This property neither the mortgagees, nor the Sheriff as agent for the mortgagees, had a right to withhold from the mortgagor's creditors. The mortgages in controversy in this case were given on July 15, 1893, and, by an arrangement between the mortgagor and the mortgagees, were purposely withheld from the record until March 20, 1894. In the meantime the mortgagor continued the business of the store, bought goods, added to the stock, and became indebted to the attaching creditors. On the twentieth of March, 1894,

CHITTENDEN v. CROSBY, *Sheriff.*    537

March 20, 1897.    Opinion.    Mahan, P. J.    W. Div.

the mortgagees, in the absence of the mortgagor and without his knowledge or consent, recorded their mortgage and took possession of the stock of goods. There was no new pledge of the property, claimed by the mortgagees; the sole right which they asserted was under the mortgages themselves. It appears that it was the intention of both mortgagor and mortgagees, that the mortgagor should be permitted to carry on the business, selling and buying just as though no mortgage existed upon the stock, and the mortgagor was expected to, and did, treat the proceeds from such sales as his own without regard to the rights of the mortgagors. To permit this, as against creditors who sold the mortgagor goods without notice, would be a gross fraud. Inasmuch as the court proceeded upon the theory that the Sheriff's holding of the goods as agent for the mortgagees exonerated him from the performance of his official duties, it will be necessary to reverse the judgment and direct a new trial to be awarded. As to the attaching creditors, the mortgage was void; and the possession, being a possession claimed under such mortgage entirely and not by way of any new pledge of the mortgagor, was tortious and wrongful as against the subsequent creditors of the mortgagor. A sheriff has no right, under the statute, to exact a bond of indemnity with respect to personal property until he has made a levy thereon, and an adverse claim thereto has been asserted which will imperil the sheriff should he hold the goods and sell the same under his levy. The court below assumed, in the trial of this case, that the Sheriff was exonerated from making the levy, because he was not in the first instance provided with a bond indemnifying him against any claim that might be made.

538    CHITTENDEN v. CROSBY, *Sheriff*.

N. Dept.          Opinion.   Mahan, P. J.          5 Kan. App.

The court, upon the trial, also erroneously assumed that an adjudication between the mortgagees themselves, in a replevin suit, as to the ownership and right of possession of some of the property in controversy, was conclusive upon the plaintiffs in error who were not parties to said action. The court also erroneously assumed that the plaintiffs in error were concluded by an answer, made by the mortgagees under an order of garnishment in the action in which the attachments were issued, wherein the mortgagees denied that they were in possession of any property belonging to the mortgagor.

*3. Judgment not conclusive.*

*4. Answer of garnishees no excuse to sheriff.*

For the above reasons it was error for the court to refuse, upon the motion of the plaintiffs, to strike out of the defendant's answer paragraphs three, four, and five. Upon the undisputed evidence in the case the plaintiffs should have been awarded the judgment against the defendant for the amount of their claim against the mortgagor and for the costs of the proceeding. The court erred in overruling the plaintiffs' motion for a new trial. The judgment must be reversed and a new trial awarded.

Wells, J., concurring; McElroy, J., having been of counsel in the case, not sitting.